# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

ALFONSO D. SHINE, )
)
        Plaintiff, )
)
v. )   Case No. CIV-18-307-SPS
)
COMMISSIONER, Social )
Security Administration, )
)
        Defendant. )

## OPINION AND ORDER

The claimant Alfonso D. Shine requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case is REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step One requires the claimant to establish that he is not engaged in substantial gainful activity. Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if hisr RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was forty-five years old at the time of the administrative hearing (Tr. 29, 165). He completed high school and has worked as a merchandise delivery person and gun welder (Tr. 17, 193). The claimant alleges he has been unable to work since August 12, 2013, due to post-traumatic stress disorder (PTSD), depression, anxiety, and insomnia (Tr. 192).

**Procedural History**

The claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on September 9, 2014. His applications were denied. ALJ Deirdre O. Dexter held an administrative hearing and determined that the claimant was not disabled in a written opinion dated August 25, 2017 (Tr. 10-19). The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1484.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She found that the claimant had the residual functional capacity (RFC) to perform a reduced range of light work as defined in 20 C.F.R. § 4169.67(b), *i. e.*, he could lift/carry/push/pull twenty pounds occasionally and ten pounds frequently, stand/walk six hours in an eight-hour workday, and that he could frequently climb ramps/stairs, stoop, kneel, crouch, or crawl, but that he could only occasionally climb ladders/ropes/scaffolds. Additionally, she found that he

-3-

could perform simple, routine, and repetitive tasks with regular breaks every two hours; make simple work-related decisions; occasionally interact with supervisors as needed to receive work instructions; and work in proximity to co-workers but should have no more than occasional direct work interaction with them and should never interact with the general public. Finally, she found that the job should involve no more than ordinary and routine changes in a work setting or work duties, should not involve over-the-shoulder type supervision, and should not require that work be performed at a fast-paced production rate (Tr. 16). The ALJ thus concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *e. g.*, marker, mail clerk, or racker (Tr. 17-19).

### Review

The claimant argues that the ALJ erred by: (i) failing to properly evaluate the medical opinions in the record, including a consultative examination opinion by Dr. Kenny Paris, state reviewing physician opinions, and various global assessment of functioning (GAF) scores in the record; and (ii) failing to properly formulate his RFC and identify appropriate jobs in sufficient numbers that he can perform. The Court finds that the ALJ *did fail* to properly evaluate the opinion evidence in the record, and the decision of the Commissioner should be reversed and the case remanded for further proceedings.

The ALJ found that the claimant had the severe impairments of low back pain, obesity, depression, and PTSD, as well as the nonsevere impairment of hypertension (Tr. 12). The relevant medical evidence reflects that the claimant was incarcerated for thirteen years, and released in 2008, after which time he held various jobs. The claimant

began outpatient treatment with Green Country Behavioral Health Services in September 2014, at which time he was assessed with a mood disorder not otherwise specified and PTSD, and provided a treatment plan including therapy, basic needs, and medication (Tr. 285-286). Progress notes reported at times that the claimant was compliant and experienced positive responses to treatment (Tr. 314, 329, 322, 334-335, 337), and other times reported noncompliance with medication and persistence in suicidal ideation (Tr. 320, 327, 339, 345).

Additionally, the claimant was in a motor vehicle accident on February 6, 2014, which resulted in tenderness and spasm at the L5-S1 bilaterally, although he retained full range of motion except his extension was limited to 20 degrees. (Tr. 276). He continued to report low back pain to his treatment provider, as well as receive follow-up treatment for his hypertension (Tr. 357).

On April 1, 2015, Dr. Kenny A. Paris, Ph.D. conducted a mental status/diagnostic examination of the claimant (Tr. 307). The claimant reported sleeping problems and difficulty being around others, as well as the effects of two significant shooting events that took place in his youth. His incarceration included almost twenty-four months in solitary confinement, which also "messed with" him (Tr. 308). Upon a selected WAIS assessment, the claimant scored below average in comprehension, arithmetic, recall after a few minutes, and concentration, and Dr. Paris found he had low average intellectual functioning (85-90). Dr. Paris noted that the claimant's disability application was based on both mental and physical problems, which should be considered in combination because "the combination of mental and physical symptoms leads to greater impairment and makes him less likely to

be successful in a job setting," but noted that the physical problems were beyond the scope of his evaluation (Tr. 311). Dr. Paris estimated that the claimant had a below average ability to perform adequately in most job situations, handle the stress of a work setting, and deal with co-workers (Tr. 311).

State reviewing physicians determined that the claimant's physical impairments were nonsevere (Tr. 67, 82). As to his mental impairments, a state reviewing physician determined that the claimant was moderately limited in the areas of understanding and remembering detailed instructions, carrying out detailed instructions, maintaining attention and concentration for extended periods, completing a normal workday and workweek without interruption from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods, interacting appropriately with the general public, getting along with co-workers or peers without distracting them or exhibiting behavioral extremes, and responding appropriately to changes in the work setting (Tr. 69-71). Of note, the physician stated that the claimant would function best in standardized work environments with minimal variation. She concluded that the claimant retained the capacity to perform at least simple, unskilled work tasks in a low stress environment with limited social contact (Tr. 71). This assessment was affirmed upon reconsideration (Tr. 85-87).

In her written opinion, the ALJ summarized most of the medical evidence in the record, as well as the claimant's hearing testimony, but provided little analysis at the appropriate steps. At step three, the ALJ summarized Dr. Paris's consultative exam findings, as well as the Green Country Behavioral Treatment records and the GAF scores

in the record, and the state reviewing physician opinions. She made no analysis of the opinion evidence other than to assign the GAF scores little weight and note that the opinion evidence supported her step three findings regarding moderate limitations in the four applicable areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself (Tr. 13-15). At step four, the ALJ summarized the claimant's hearing testimony and a Third Party Function report by a friend of the claimant's, as well as medical evidence related to the claimant's physical impairments. She made no mention of the evidence related to the claimant's severe mental impairments. She then concluded that the claimant's statements were not consistent with the evidence in the record, but found that unidentified evidence supported the ability to perform the RFC set out at the beginning of step four (Tr. 17).

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) [internal citation omitted] [emphasis added], *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995). The pertinent factors are: (i) the length of treatment relationship and frequency of examination; (ii) nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the

opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003), *citing Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001). The ALJ recited Dr. Paris's findings favorably at step three, but completely failed to acknowledge his opinion at step four. Of particular concern is her failure to acknowledge Dr. Paris's concerns regarding the claimant's ability to perform in *most* job settings, handle stress, and concentrate. The failure to properly assess Dr. Paris's opinion constitutes reversible error, and the Court notes that the ALJ's attempt to use the opinion favorably at step three while ignoring his concerns regarding the claimant's ability to work at step four is also improper picking and choosing. *See, e. g., Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."), *citing Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) *and Hamlin*, 365 F.3d at 1219. *See also Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'") [citation omitted].

The ALJ likewise failed to conduct the appropriate analysis regarding the state reviewing physician opinions in the record. Instead, she imposed an RFC that would avoid a finding of disabled, while improperly ignoring at step four all evidence related to his mental impairments, thus imposing an RFC that is completely disconnected from the

evidence in the record. "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e. g.*, laboratory findings) and nonmedical evidence (*e. g.*, daily activities, observations)." Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "When the ALJ has failed to comply with SSR 96-8p because [s]he has not linked h[er] RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination." *Jagodzinski v. Colvin*, 2013 WL 4849101, at *2 (D. Kan. Sept. 11, 2013), *citing Brown v. Commissioner of the Social Security Administration*, 245 F. Supp. 2d 1175, 1187 (D. Kan. 2003). "[I]t is incumbent on the ALJ to comply with SSR 96-8p by providing a narrative explanation for his RFC finding that plaintiff can perform [the] work, citing to specific medical facts and/or nonmedical evidence in support of his RFC findings." *Jagodzinski*, 2013 WL 4849101, at *2.

Accordingly, on remand, the ALJ should evaluate *all* the evidence in the record related to both the claimant's physical *and* mental impairments, as well as the combined effects of these impairments, as required by the law and regulations. If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

**Conclusion**

The Court hereby FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly REVERSED and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 5th day of March, 2020.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**